ALFRED ORR ET AL. *v.* HUGH GEROGHTY & WINDSOR.

**Parent and Child.**
　　Bona fide purchase by son, for a valuable consideration.

APPEAL FROM CAMPBELL CIRCUIT COURT.

December 8, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

The relationship existing between the appellants, there being no proof that any part of the alleged purchase price for the house and

lot was paid, together with the continued possession of the son after the execution of the deed to the father, in our opinion, rebuts the idea that Alfred Orr was, in point of fact, "a bona fide purchaser for a valuable consideration without notice" of the lien held by appellee upon said house and lot. By the terms of the written contract it is difficult to determine the exact time the balance (after the first two payments) was to become due and payable. It is true that according to the construction given the contract by the circuit court, it was possible that said *balance* might have become due before the building had been either completed or roofed. But we think it may be fairly deduced, from the writing itself, that the parties did not contemplate the possibility of six months being consumed in the erection of the house, we are satisfied that they undertook that by the terms of the contract the whole price was to be paid within six months after its execution. Upon this hypothesis, we can account for the fact that Alfred Orr had overpaid the first two payments by amout two hundred dollars before this suit was brought, and that *he* is his original and amended answer. And *his father in his* original answer failed altogether to intimate to the court that the debt in favor of appellee was not due at the time they commenced this suit. The contract being uncertain upon its face, it is proper that some importance should be attached to the conduct and understanding of the contracting parties, in construing it, and considering all these things, we are inclined to concur with the circuit court in its conclusion upon this question. Hence we hold that said court did not abuse its discretion in over-ruling the motion of appellants to file their joint amended answer. We think said court properly deducted fifty dollars from the con-tract price on account of defective materials used in the construc-tion of the building.

Wherefore, the judgment is affirmed upon both the appeal and cross-appeal.

*Rool, for appellant.*
*Webster, for appellee.*